

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*David I. Sharfstein*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4991*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*

February 24, 2013

Bruce Marcus, Esq.
MarcusBonsib LLC
6411 Ivy Lane, Suite 116
Greenbelt, MD 20770

Re:   Plea Agreement in *United States v. David Emile Grant Kirkham*

Mr. Marcus:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to David Emile Grant Kirkham (the "Defendant") by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by March 1, 2013, it will be deemed withdrawn. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

1.      The Defendant agrees to waive indictment and plead guilty to a Criminal Information which will charge him with tax evasion, in violation of 26 U.S.C. § 7201. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

<u>Elements of the Offense</u>

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

> a.      The defendant owed a substantial income tax liability;
>
> b.      The defendant attempted to evade or defeat the assessment or

Revised 11/5/09

payment of that tax through affirmative acts of evasion; and

    c.      The defendant did so willfully.

### Penalties

3.      The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: five (5) years of imprisonment, three (3) years of supervised release, a $100,000 fine, and a $100 special assessment. Pursuant to 18 U.S.C. § 3013, the special assessment is due, and should be paid at or before, the time of sentencing. The Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked—even on the last day of the term—and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.      The Defendant has a right to have his case presented to a grand jury who would determine whether there is probable cause to charge him. By agreeing to proceed by Information, the defendant gives up the right to have the grand jury consider whether there is probable cause.

    b.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    c      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

       d     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever.  If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

       e     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify.  If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

       f.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him.  By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

       g.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence.  By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case.  Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

       h.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

       i.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he/she is not a citizen of the United States, pleading guilty may have consequences with respect to his/her immigration status.  Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his/her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any potential immigration consequences.

3

<u>Advisory Sentencing Guidelines Apply</u>

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulations</u>

6.      This Office and the Defendant understand, agree and stipulate to the following facts which this Office would prove beyond a reasonable doubt:

a.      From 2003 through 2006, the Defendant operated an internet-based business called Lion Nutrition, located on the web at www.lionnutrition.com. Through the website, the Defendant used Lion Nutrition to sell drugs (which were purchased from contacts in China) he knew would be used and taken by humans orally or through injection as bodybuilding and performance enhancing supplements. Specifically, the Defendant distributed Sildenafil, Clenbuterol, Liothyronine, Human Growth Hormone (HGH) peptide fragment 177-191, and other drugs for personal use and human consumption even though he knew that these drugs were misbranded and unapproved by the Food and Drug Administration for personal use and human consumption. The Defendant also owned a similar entity which he purchased in early 2006, called Solid Muscle.

b.      In tax years 2003, 2004, 2005, and 2006, the Defendant failed to timely report a substantial amount of income he received from his businesses. He did so willfully, with full knowledge that this income was not reported.

c.      The Defendant failed to timely file his 2003, 2005, and 2006 tax returns to the IRS. These tax returns were filed between July 30, 2008 and August 14, 2008, after the Defendant was notified of the current investigation into his conduct. The Defendant filed a timely 2004 tax return, but this tax return failed to report approximately $125,000 in income he received during the calendar year. On July 28, 2008, the Defendant filed an amended tax return for tax year 2004 which reported the previously undisclosed income.

d.      According to the late-filed and amended tax returns filed by the Defendant between July 28, 2008 and August 14, 2008, he received the following amounts of income, and owed the following amounts of income taxes, for tax years 2003 through 2006:

| Year | Gross Income | Tax Due and Owing |
|------|-------------|-------------------|
| 2003 | $12,248 | $1,126 |

4

| 2004 | $127,908 | $42,849 |
|------|----------|---------|
| 2005 | $334,841 | $119,081 |
| 2006 | $338,139 | $117,485 |
| **Total** | **$813,136** | **$280,541** |

     e.     The Defendant took numerous affirmative acts of evasion in order defeat the IRS's assessment of the income he received in tax year 2006. For example, in addition to failing to report his accurate income to the IRS on a timely basis, the Defendant:

          (i) failed to issue employees of Lion Nutrition any Forms W-2 or 1099, failed to pay withholding taxes to the IRS for employees, and failed to pay all estimated quarterly tax payments;

          (ii) used his brother-in-law to withdraw funds from bank accounts and wire the funds to drug suppliers in China;

          (iii) used a straw purchaser as a nominee for two real estate properties purchased by the Defendant;

          (iv) used a nominee to conceal his ownership of Solid Muscle;

     7.     This Office and the Defendant understand, agree and stipulate to the following applicable sentencing guidelines factors:

     a.     The parties stipulate that the provisions of U.S.S.G. § 2T1.1 and § 2T4.1 apply to the instant offense.

     b.     Including relevant conduct under U.S.S.G. § 1B1.3, the tax loss resulting from the defendant's conduct is greater than $200,000 but less than $400,000, resulting in a base offense level of **18**, pursuant to U.S.S.G. § 2T1.1(a) and U.S.S.G. § 2T4.1; and

     c.     The defendant failed to report the source of income exceeding $10,000 in any year resulting from criminal activity, namely, the introduction into interstate commerce of quantities of HGH peptide fragment 177-191 and other drugs, which when introduced and delivered for introduction into interstate commerce, were misbranded within the meaning of 21 U.S.C. § 331, resulting in a **2 level increase** pursuant to U.S.S.G. § 2T1.1(b)(1); and

     d.     The adjusted offense level for the instant offense is **20**.

8.      This Office does not oppose a **two-level reduction** in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an **additional one-level decrease** in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

9.      After the three-level reduction under U.S.S.G. § 3E1.1, and if the defendant's criminal history category is calculated at level I, the sentencing guidelines recommend a term of imprisonment of between 24-30 months.

10.     This Office and the Defendant agree to recommend a term of imprisonment between 8 and 18 months. For purposes of this plea agreement, the parties agree that "term of imprisonment" should be given the meaning from U.S.G.G. § 5C1.1(c), which states that "the minimum term [of imprisonment] may be satisfied by . . . (a) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes . . . home detention according to the schedule in subsection (e). . . ; or (c) a sentence of probation that includes a condition or combination of conditions that substitute . . . . home detention for imprisonment according to the schedule in subsection (e)."

<u>Obligations of the United States Attorney's Office</u>

11.     At the time of sentencing, this Office will recommend a sentence within the range established in paragraph 10.

12.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including conduct that is not charged in the Criminal Information.

<u>Restitution to the Internal Revenue Service</u>

13.     The Defendant agrees to pay restitution to the Internal Revenue Service ("IRS") in the total amount of $280,541 as a result of the defendant's failure to pay taxes due and owing to the IRS for years 2003 through 2006. Payments already made to the IRS to satisfy this amount by the Defendant will be credited for the purposes of restitution. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663, 3663A, 3563(b)(2), and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation.

14.     When the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). The Defendant does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

15.     The Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

<u>Restitution – General</u>

16.     The defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited, to copies of all relevant bank and financial records, regarding the current location and prior disposition of funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

<u>Waiver of Appeal</u>

17.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the guidelines range as determined by the Court; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the guidelines range as determined by the

7

Court.

    c.  Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d.  The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Obstruction or Other Violations of Law

    18. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Court Not a Party

    19. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations

8

under this agreement.  The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive.  The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

20.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
David I. Sharfstein
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement,  and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

4/15/13

9

Date                                   David Emile Grant Kirkham


      I am David Kirkham's attorney.  I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him.  He advises me that he understands and accepts its terms.  To my knowledge, his decision to enter into this agreement is an informed and voluntary one.


_____4/15/13_____          _____
Date                                   Bruce Marcus, Esq.